# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00322-CV

**James Johnson, Appellant**

**v.**

**Municipal Court of the City of Sunrise Beach, Appellee**

---

### FROM THE COUNTY COURT OF LLANO COUNTY
### NO. 03143, THE HONORABLE RON CUNNINGHAM, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

James Johnson, a/k/a James Prescott Carter Johnson, appeals an "Order on Motion To Set Aside Default Judgment and Motion For New Trial" finding that he is not indigent. We will abate the appeal and remand this case to the county court.

In the underlying case the county court sat as an appellate court, reviewing a determination that Johnson's pet, which bit two people within two months, is a dangerous dog. The case was referred to the county court after Johnson's first attorney, his mother, was jailed for contempt and moved to recuse the municipal court judge. Johnson filed in the county court a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond," reporting that his monthly income from Veteran's Administration disability payments is $3,300. His reported assets include a house and a 2002 GMC 1500 truck. No evidence was attached to his Statement.

The county court sent the parties notice of a hearing in the transferred case, but Johnson and his attorney failed to appear. The county court signed a final order stating that Johnson and his attorney were given more than 21 days' notice of the hearing, that neither appeared, and that the dangerous-dog determination was affirmed. Johnson filed a "Motion to Set Aside Default Judgment and Motion for New Trial," alleging that his attorney was unaware of the hearing and never opened the notice of hearing sent to her by e-service.[1] The county court sent the parties notice of another hearing, which Johnson and his attorney attended, and signed the "Order on Motion to Set Aside Default Judgment and Motion for New Trial" appealed here. The order denied the motions; affirmed the dangerous-dog determination; set a $10,000 appeal bond; and recited the county court's findings, including that

- Defendant James Johnson appears solvent and well-supported by family with sufficient assets and resources to pursue an appeal without relying on funds from Llano County to do so;

- Defendant James Johnson has ample family resources to finance and perfect an appeal, including equity in his home and family support; and

- Defendant James Johnson failed to pay a jury fee to the Llano County Clerk.

Johnson's second attorney supplemented the motion to set aside the default judgment and motion for new trial with an affidavit from Johnson's first attorney stating that she offered to pay the City's attorney's fees and expenses incurred in obtaining the default judgment. The county court declined to consider that untimely motion.[2] Johnson then filed in this Court a "Motion Challenging Trial Court's TRCP 145 Finding Regarding Payment of Costs." *See* Tex.

---

[1] *See* Tex. R. Civ. P. 21a(b)(3) (stating that "[e]lectronic service is complete on transmission of the document to the serving party's electronic filing service provider").

[2] *See id.* R. 329b(b) (allowing filing of amended motions for new trial before trial court overrules any of movant's preceding motions).

R. Civ. P. 145(e)(2) (providing in relevant part that "[t]he court on its own may require the declarant to prove the inability to afford costs when evidence comes before the court that the declarant may be able to afford costs"), (g) (allowing declarant to challenge trial court's order issued under Rule 145).

Under Texas Rule of Civil Procedure 145, a party is exempt from paying court costs if the party files a statement of inability to afford payment of court costs unless certain procedural requirements have been met. *Id.* R. 145(f). First, "[t]he declarant must not be required to pay costs without an oral evidentiary hearing" and must be given notice of the hearing. *Id.* R. 145(f)(1). Additionally, any "order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs." *Id.* R. 145(f)(2). Further, any "order requiring the declarant to pay costs must state in conspicuous type: 'You may challenge this order by filing a motion in the court of appeals within 10 days after the date this order is signed. *See* Texas Rule of Civil Procedure 145.'" *Id.* R. 145(f)(4).

Here, Johnson filed a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond" as contemplated by Rule 145. *See id.* R. 145(b). But the record indicates that the county court did not conduct an evidentiary hearing on the Statement, provide notice of a hearing on the Statement before issuing the order setting the appeal bond, or issue an order with an admonishment informing Johnson of his right to appeal the order and specifying the appellate-filing deadline. *See id.* R. 145(f).

Thus, we abate this appeal and remand this case to the county court for the requisite evidentiary hearing determining whether Johnson is unable to pay. *See id.*; *Wilson v. Ditech Fin., LLC*, No. 03-21-00100-CV, 2021 WL 2385430, at *1 (Tex. App.—Austin June 11, 2021, no pet.) (per curiam) (mem. op.) (following similar procedure). The county court must

3

give the parties at least ten days' notice of the hearing. After the hearing, the county court is directed to enter an order stating one of the following: (1) that Johnson is required pay all the court costs and the appeal bond, (2) that Johnson is required to pay the part of the court costs and appeal bond that he can afford to pay, or (3) that Johnson is not required to pay court costs or the appeal bond. If the county court orders Johnson to pay all or some of the court costs and the appeal bond, the county court is further directed to include in its order detailed findings supporting its ruling and the Rule 145(f)(4) admonishment. A reporter's record of the hearing shall be prepared and filed in the record of this appeal, and the county court shall prepare a supplemental clerk's record containing its order. The reporter's record and supplemental clerk's record must be filed by September 2, 2025. The appeal will be reinstated when the records are filed.

It is so ordered on July 30, 2025.

Before Chief Justice Byrne, Justices Crump and Ellis

Abated and Remanded

Filed: July 30, 2025

4